Clayton A. Walker, ABA No. 0001002
Alaska Law Offices, Inc.
240 E. Tudor Road, Suite 230Anchorage, AK 99503
(907) 375-9250 (phone) (907) 375-9228 (fax)
chwalker@aloinc.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as subrogee of Specialized Transport & Rigging, LLC<br><br>Plaintiff,<br><br>v.<br><br>ASPEN CUSTOM TRAILERS, INC.<br><br>Defendant. | CASE NO.: 3:21-cv-00077-TMB<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff National Union Fire Insurance Company of Pittsburgh, PA complains and alleges as follows:

**PARTIES**

1. Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa ("National Union") is a Pennsylvania insurance company with its principal place of business in New York. National Union is registered to do insurance business in Alaska and is therefore subject to the general personal jurisdiction of this Court. National Union is a wholly owned

subsidiary of American International Group, Inc. ("AIG"). AIG is a Delaware corporation with its principal place of business in New York.

2. Defendant Aspen Custom Trailers, Inc. ("Aspen") is a Canadian corporation. Aspen is incorporated under the laws of Alberta, Canada, and has its principal place of business in Alberta. Aspen has a United States subsidiary, Aspen Custom Trailers US, Inc., with a registered agent in Texas. That agent is Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, TX 78731.

3. Specialized Transport & Rigging, LLC ("Specialized") is an Alaska limited liability company with its principal place of business in Alaska. National paid monies to and on behalf of Specialized and may pay additional monies to Specialized as a result of damage complained herein and is pursuing this action as a bona fide subrogee of Specialized.

## JURISDICTION / VENUE

4. Subject matter jurisdiction is proper under 28 U.S.C. § 1332 because National Union's damages exceed $75,000 and because there is diversity between the parties as set forth in paragraphs 1 and 2 above.

5. Personal jurisdiction exists with respect to all parties pursuant to the following subsections of AS 09.05.015: (a)(1)(D), (a)(4)((A), (a)(4)(B), and (a)(10).

6. Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. Specialized provides logistics and transportation services within the State of Alaska for unusually heavy and complex loads.

8. In 2014, Specialized ordered from Aspen, a specialized, extremely heavy-duty trailer assembly, including a 100 Ton 5 Axle Fixed Gooseneck Trailer, a 55 Ton Tri Axle Jeep ("the Jeep"), a 30 Ton Tri Axle Dolly ("the Dolly"), a 50 Ton Railbeam Deck, a 50 Ton Low Profile Bunk, and a 100 Ton Flush Deck Component Plate. This assembly is collectively informally known as the "Bomb Cart."

9. Casualty insurance coverage for the Bomb Cart was obtained by Specialized through policy CA 425-72-25 ("the Policy") issued by National Union.

10. On March 30, 2019, the trailer at issue sustained damage while traveling on the Elliot Highway.

11. Specialized made a claim for damages to subject trailer on April 4, 2019. The adjusting for the insurance claim was performed by AIG Claims, Inc. acting as National Union's agent, and Elle Seidule was assigned to the claim as the adjuster. National Union, as underwriter of the Policy, who has accepted coverage for damage to the trailer.

12. Specialized submitted documents to National Union in support of its insurance claim. National Union, as underwriter of the Policy, has paid $36,362.00 to Specialized for preliminary repairs and $26,005.08 for towing charges.

13. National Union retained an engineer to opine on the damage sustained to the trailer at issue in August 2019.

14. National Union determined the trailer to be a total loss.

15. National Union obtained an appraisal report from Vehicle Valuation Services.

16. National Union offered a claim settlement of $184,228.00 on the loss of the trailer.

Specialized did not accept that offer.

17. Specialized filed a civil action against National Union in this Court, *Specialized Transport & Rigging, LLC v. National Union Fire Insurance Company of Pittsburgh, PA*, No. 3:20-CV-00188 ("Specialized Action").

18. National Union anticipates that the resolution of claims against it in the Specialized Action will involve the payment by National Union to Specialized in an amount in addition to the amounts described in Paragraph 12.

19. That subject trailer designed and manufactured by Aspen was a dangerously defective product that sustained damage despite its normal, proper, and appropriate use.

20. The forgoing conduct by Aspen constitutes a breach of contract and a breach of the implied warranty of fitness for a particular purpose.

## FIRST CLAIM FOR RELIEF
### Product Liability

21. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of the complaint.

22. That Defendant was engaged, in the business of designing, testing, inspecting, assembling, manufacturing, and distributing trailers and their component parts, and specifically designed, tested, inspected, assembled, manufactured, distributed, and placed into the stream of commerce the trailers at issue in this case.

23. On information and belief, the subject trailer, which was designed, manufactured, sold and/or distributed into the stream of commerce by Defendant was not modified, changed

altered or abused by Specialized prior to or during their use.

24. On information and belief, Defendant designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the subject trailer, dryer, including its component parts, in a dangerous defective condition,

25. Defendant designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the subject dryer in a defective condition, not merchantable and reasonably suited to the use intended by Specialized.

26. That, at the completion of the design and manufacture of the trailer, at the time it left Defendant, and at the time the trailer was delivered to Specialized, and at all times in between, the trailer was dangerously defective as manufactured.

27. The subject trailer was defective and not merchantable and/or reasonably suited to the use intended at the time it left the control of Specialized.

28. That, even when put to such a normal, intended, and reasonable use, the trailer was dangerously defective in that it sustained damage during Specialized's use of it.

29. That Defendant, having designed, manufactured, and distributed the dangerously defective trailer, is strictly liable for the damages suffered by Specialized.

30. That as a direct result of the dangerously defective trailer designed and manufactured by Defendant, Specialized suffered damages in the amount recited in Paragraph 12 and in additional amounts that remain to be determined.

31. Plaintiff as subrogee of Specialized prays for judgment under Count I hereof, in its favor and against Defendant, in an amount in excess of $75,000 and to be to be determined in the

Specialized Action, and Plaintiff's costs herein incurred and expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## SECOND CLAIM FOR RELIEF
### (Breach of the Implied Warranty For Fitness For A Particular Purpose)

32. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of the complaint.

33. The actions of Aspen in providing the defective Bomb Cart constitute a violation of AS 45.02.315 and the common law duties of sellers to provide goods fit for the purpose for which the goods are required.

34. The said violation foreseeably caused Specialized damages as described herein for which National Union has paid amounts to Specialized and may pay additional amounts to Specialized.

35. Plaintiff as subrogee of Specialized prays for judgment under Count II hereof, in its favor and against Defendant, in an amount in excess of $75,000 and to be to be determined in the Specialized Action, and Plaintiff's costs herein incurred and expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## THIRD CLAIM FOR RELIEF
### Common Law Indemnification

36. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of the complaint.

37. On information and belief, Defendant and Specialized entered into a valid contract for the design and construction of the subject trailer.

38. On information and belief, Specialized performed its duties under the contract.

39. On information and belief, Defendant had a duty to provide a functional trailer under the contract.

40. On information and belief, Defendant breached its duties by providing a defectively designed and constructed trailer.

41. On information and belief, Defendant's breach of contact foreseeably caused Specialized damages, including the amounts already paid and to be paid to Specialized by Plaintiff.

42. On information and belief, Defendant must indemnify Plaintiff for all sums it has paid and will become obligated to pay Specialized as a result of Defendant's breach of contract.

43. Plaintiff as subrogee of Specialized prays for judgment under this claim, in its favor and against Defendant, in an amount in excess of $75,000 and to be to be determined in the Specialized Action, or Plaintiff's costs herein incurred and expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## PRAYER FOR RELIEF

Having alleged the foregoing, Plaintiff prays for relief as follows:

44. For judgment in accordance with the first claim for relief against Defendant in the amount in excess of $75,000 to be proven.

45. For judgment in accordance with the second claim for relief against Defendant in an

    amount in excess of $75,000 to be proven.

46. For judgment in accordance with the third claim for relief against Defendant in amount in

excess of $75,000 to be proven.

47. For fees and costs in bringing this suit to the full extent permitted by law.

48. For such other relief as the Court deems just and equitable.

DATED this 30th day of March 2021.

ALASKA LAW OFFICES, INC.

　/s/ Clayton H. Walker
Clayton H. Walker, ABA No. 0001002
Attorneys for Plaintiff