# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*National Union Fire Insurance Company of Pittsburgh, PA, as subrogee of Specialized Transport & Rigging, LLC, v. Aspen Custom Trailers, Inc.*
Case No. 3:21-cv-00077-TMB

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Aspen Custom Trailers, Inc.'s ("Aspen"): (1) Status Report dated February 6, 2023,[1] (2) Motion to Compel,[2] (3) Motion for Sanctions,[3] and (4) Motion to Expedite the Motion for Sanctions.[4]

By way of brief background, the Court granted Aspen's Motion to Dismiss in February 2022 and subsequently entered judgment for Aspen (the "Judgment").[5] Aspen then sought an award of attorney's fees under Federal Rule of Civil Procedure 54 and Alaska Rule of Civil Procedure 82 from Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union").[6] In June 2022, the Court ordered National Union to pay $1,977.50 in attorney's fees on or before July 2, 2022, and amended the Judgment to reflect this fee award.[7] National Union did not make payment by the Court-ordered date.[8]

Between July 6 and September 25, 2022, Aspen contacted counsel for National Union on six separate occasions to request payment, to no avail.[9] Aspen proceeded to serve a writ of execution on Wells Fargo, which Aspen believed was a bank where National Union did business, but "[e]ach time Aspen made an effort to collect from [National Union's bank account], there was a zero balance and thus nothing was collected."[10] Aspen then served National Union with post-judgment

---

[1] Dkt. 22 (Status Report).
[2] Dkt. 19 (Motion to Compel).
[3] Dkt. 23 (Motion for Sanctions).
[4] Dkt. 24 (Motion to Expedite).
[5] Dkt. 11 (Order Granting Motion to Dismiss); Dkt. 14 (Judgment).
[6] *See* Dkt. 12 (Motion for Attorney's Fees). Alaska law related to attorney's fees applied because National Union asserted diversity jurisdiction. *See* Dkt. 1 at 2 (Complaint); Dkt. 15 (Order Granting Motion for Attorney's Fees).
[7] Dkt. 15; Dkt. 14-1 (Judgment with Attorney's Fees).
[8] Dkt. 19 at 2 (Motion).
[9] *Id.*
[10] *Id.*; see also Dkt. 17 (Process Receipt and Return); Dkt. 18 (Process Receipt and Return).

1

discovery requests to locate a bank account with sufficient funds.[11] National Union did not respond to these discovery requests, even after Aspen sent a reminder by email.[12]

On December 14, 2022, Aspen filed the Motion to Compel, which seeks National Union's response to its post-judgment discovery requests.[13] In this motion, Aspen also seeks an award of the costs and fees incurred in its collection attempts, which totaled $4,620 at the time of filing.[14] National Union did not file a response, and the Court held a hearing on January 26 to determine why the Judgment had not been paid.[15]

At that hearing, named counsel for both parties in this case appeared, along with Matthew Fricker, national counsel for National Union. The Court asked Fricker to explain why National Union had ignored the Court's June 2022 order to pay the Judgment. Fricker denied that National Union had ignored the order and provided several excuses for why it had not paid, suggesting that other parties, including a representative for National Union's parent company, might be responsible. Fricker then proposed that the Court issue another order directing National Union to pay the Judgment but without the additional attorney's fees that Aspen currently seeks. The Court rejected this suggestion as duplicative of the clear order in June 2022 to pay the Judgment and directed the parties to meet and confer to resolve this matter as efficiently as possible. The Court warned the parties that if National Union did not agree to pay Aspen within 10 days, it would set another hearing at which Fricker would appear in person to explain National Union's failure to follow the Court's order. The Court then ordered the parties to confer and file a joint status report.[16]

Aspen filed the Status Report on February 6, 2023.[17] In it, Aspen provides a disconcerting update regarding National Union's meet-and-confer efforts. Aspen indicates that it emailed Fricker and local counsel for National Union immediately after the hearing to propose a resolution to the matter.[18] Specifically, Aspen proposed that National Union pay a total of $6,638.65, which accounts for the Judgment ($1,977.50), post-judgment interest ($41.15), and the additional attorney's fees ($4,620) requested in the Motion to Compel.[19] According to Aspen, National Union has failed to provide a substantive response to this proposal, has not responded to Aspen's offer to talk on the telephone, and has "persisted in its refusal to pay the [Judgment]."[20]

---

[11] Dkt. 19-1 (Post-Judgment Discovery Requests).
[12] Dkt. 19 at 3.
[13] Dkt. 19.
[14] *Id.* at 3.
[15] *See* Dkt. 21 (Minute Entry).
[16] *Id.*
[17] Dkt. 22.
[18] *Id.* at 3; Dkt. 22-1 (Emails Between Aspen and National Union).
[19] Dkt. 22-1 at 2.
[20] Dkt. 22 at 3.

2

One day after filing the Status Report, Aspen filed its Motion for Sanctions and Motion to Expedite the Motion for Sanctions.[21] Pursuant to Federal Rule of Civil Procedure 37(b), Aspen seeks an additional $1,925 in attorney's fees accrued since filing the Motion to Compel, to be paid by either National Union or Fricker.[22]

Having reviewed these recent filings, the Court hereby **ORDERS** the parties' local counsel and Fricker to appear **in person** on **March 2, 2023 at 9:00 AM in Anchorage Courtroom 1** for a combined hearing on the Motion to Compel and the Motion for Sanctions.[23] National Union is also **ORDERED** to make available to participate in the hearing in-house general counsel for National Union or National Union's parent company. National Union's client representative may participate telephonically.

Furthermore, the Court **DENIES** the Motion to Expedite the Motion for Sanctions because Aspen has not shown good cause for a determination on expedited consideration.[24] However, to ensure adequate time to review the briefing on the Motion for Sanctions before the hearing, the Court **ORDERS** National Union's response due **on or before February 20, 2023**, and Aspen's reply due **on or before February 24, 2023.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 9, 2023

---

[21] Dkt. 23; Dkt. 24.
[22] Dkt. 23 at 3.
[23] Contrary to Aspen's suggestion in the Motion for Sanctions, the Court has not yet ruled on the Motion to Compel. *See* Dkt. 23 at 3.
[24] *See* L. Civ. R. 7.3(a).